**Jean P. LACOTTE, and Claude Puech, Appellants,**

v.

**Harold T. THOMAS, and Dennis S. Howe, Appellees.**

**Appeal No. 84–1693.**

United States Court of Appeals, Federal Circuit.

March 29, 1985.

James R. Longacre and William T. Bullinger, Cushman, Darby & Cushman,

Washington, D.C., submitted for appellants.

J. Jeffrey Hawley, John D. Husser, Dana M. Schmidt, James A. Smith and Ogden H. Webster, Rochester, N.Y., submitted for appellees.

Before FRIEDMAN, RICH, and MILLER, Circuit Judges.

RICH, Circuit Judge.

Jean P. Lacotte and Claude Puech (Lacotte) appeal from the decision of the United States Patent and Trademark Office (PTO) Board of Patent Interferences (board) in Interference No. 100,867, awarding priority to the junior party, Harold T. Thomas and Dennis J. Howe (Thomas). We affirm.

## Background

The application of senior party Lacotte, filed November 26, 1979, and assigned to Thomas Brandt, a French corporation, was accorded the benefit of its French application filing date of May 7, 1975 under 35 U.S.C. § 119. The application of junior party Thomas has an effective filing date of August 30, 1976, and is assigned to the Eastman Kodak Company of Rochester, New York.

The method of the count in interference is used primarily for making copies of video discs. On May 24, 1983, the interference was redeclared with the following single count, corresponding to claim 40 of Thomas' application and claim 16 of Lacotte's application:

A process for producing a replicate record from a master record comprising the steps of:

contacting said master record, comprising a record of information in the form of a record of a distribution of radiation transmissive apertures, at least some of which apertures therein have a cross-sectional dimension of about 1μm in size, with said replicate record comprising a diazotype material having a photosensitive diazo compound and a dye coupler containing layer,

exposing said replicate record through said master record with radiation that is actinic for said diazo compound,

and developing said replicate record to duplicate the information in the master record onto the replicate record in the form of a dye,

wherein a reflective layer is placed adjacent said diazo compound containing layer.

Before the board, Lacotte relied on his French filing date. Thomas attempted to establish priority by showing an actual reduction to practice prior to May 7, 1975. In support of his case, Thomas filed evidence in the form of affidavits supported by exhibits (primarily notebook entries). The affidavits indicated that co-inventors Thomas and Howe were involved in research concerning the replication process at issue beginning in 1974. Thomas' testimony indicated that he performed the replication process on March 6, 1975, and recorded it in his notebook. The page of the notebook on which the process is described was entered into evidence before the board.

In corroboration of this evidence, George Fletcher, a research associate of Thomas, testified that he supplied materials to Thomas necessary to practice the invention prior to March 6, 1975. Thomas also submitted copies of requisition forms dated prior to March 6, 1975, which he used to obtain various materials necessary to practice the method of the count. Another research associate of Thomas, J. Kelly Lee, testified that he specifically recalled examining replicate media that had been contact printed by the method of the count before May, 1975.

The board held that Thomas had established by a preponderance of the evidence that he had reduced the invention to practice prior to May 7, 1975, noting that the events constituting Thomas' reduction to practice were "entirely consistent, based on notebooks kept in an orderly program of research and supported by convincing circumstantial evidence," within the meaning of *Berges v. Gottstein*, 618 F.2d 771, 775, 205 USPQ 691, 695 (CCPA 1980).

## OPINION

 Our review of factual determinations of the PTO is limited to deciding whether those determinations are clearly erroneous. *Coleman v. Dines,* 754 F.2d 353 (Fed.Cir., 1985). Lacotte argues that the board erred in basing its determination that Thomas proved an actual reduction to practice prior to May 7, 1975, on "a single page from a research book bearing a handwritten date of March 6, 1975."

 Although actual reduction to practice cannot be established by the uncorroborated testimony of the inventor alone, the facts set forth in the affidavits and exhibits here reveal an organized research program routinely practiced within the Eastman Kodak Company, designed to create a record sufficient to corroborate the testimony of the inventor. The testimony of Thomas, the inventor, and the written evidence of his reduction to practice in his notebook, are corroborated by independent circumstantial evidence of his withdrawal of supplies to practice the invention, as well as independent corroborating testimony of his associate, Lee. The combination of such corroborating testimony and independent circumstantial evidence within an organized research program was more than adequate for the board to have concluded that Thomas had proved facts establishing an actual reduction to practice by a preponderance of the evidence. *See Berges,* 618 F.2d at 774, 205 USPQ at 694. *See also Reese v. Hurst,* 661 F.2d 1222, 1225, 211 USPQ 936, 940 (CCPA 1981) ("Independent corroboration may consist of testimony of a witness, other than an inventor to the actual reduction to practice or it may consist of evidence of surrounding facts and circumstances independent of information received from the inventor.").

### Conclusion

We are not persuaded that the board erred in holding that Thomas actually reduced the claimed invention to practice prior to May 7, 1975. Accordingly, the board's decision awarding priority to the junior party, Thomas, is *affirmed.*

AFFIRMED.