**Dennis J. DENEN, Appellant,**

v.

**Kenneth G. BUSS and Norman Culp, Appellees.**

**Appeal No. 86–880.**

United States Court of Appeals, Federal Circuit.

Sept. 16, 1986.

Gerald L. Smith, Mueller and Smith, of Columbus, Ohio, argued, for appellant. With him on the brief was Jerry K. Mueller, Jr.

Kenneth C. Hill, Div. Patent Counsel, Texas Instruments Inc., of Dallas, Tex., argued for appellee.

Before MARKEY, Chief Judge, BALDWIN, Circuit Judge, and MILLER, Senior Circuit Judge.

BALDWIN, Circuit Judge.

This is an appeal of the December 5, 1985 decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (board) awarding priority to the senior party, Kenneth G. Buss and Norman Culp (Buss, et al.) in patent interference No. 101,099. We affirm.

## Background

An interference was provoked by Dennis J. Denen (Denen) upon his application, Serial No. 285,628, with respect to claims 1–4, 6–10, and 13–15 of U.S. Patent No. 4,346,265 issued to Buss, et al. The invention concerns a ringer circuit for telephones.

The board considered the activity of Denen directed toward conception and actual reduction to practice and found that Denen did not sustain his burden to overcome the filing date of Buss, et al. The board awarded priority to Buss, et al. based on an absence of evidence that Denen possessed the complete invention at the times critical to establishing priority. The board rejected, as well, Denen's contention of derivation by Buss, et al.

## OPINION

In considering the correctness of the decision, we note that any underlying facts found by the board must be reviewed under the clearly erroneous standard. *Coleman v. Dines*, 754 F.2d 353, 356, 361, 224 USPQ 857, 859, 863 (Fed.Cir.1985). *See also DeGeorge v. Bernier*, 768 F.2d 1318, 1324 (Fed.Cir.1985), *Lacotte v. Thomas*, 758 F.2d 611, 613, 225 USPQ 633, 634 (Fed.Cir.1985). Upon consideration of the arguments on appeal, we are not persuaded that the findings underlying the board's decision on priority are clearly erroneous. We find no error in the board's conclusion that prior possession by Buss, et al. vitiates argument that the invention was derived from Denen.

For the foregoing reasons, we *affirm* the decision of the board.

AFFIRMED.