848 F.2d 1244
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CHESTER, et al., Appellants,
v.
DAVE, et al., Appellees.
 No. 87-1487.
 United States Court of Appeals, Federal Circuit.
 May 10, 1988.
 
 Before MARKEY, Chief Judge, BALDWIN, Senior Circuit Judge, and NIES, Circuit Judge.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 This appeal is from the United States Patent and Trademark Office Board of Patent Appeals and Interferences (board), Interference No. 101,174, awarding priority of invention to the senior party, Dilip Dave and Antony H.P. Hall (Dave). We affirm.
 
 OPINION
 
 2
 The interference involved in this appeal was between Dave, and Arthur W. Chester and Yung F. Chu (Chester). The board dismissed as untimely under 37 C.F.R. Sec. 1.231, Chester's motion for "summary judgment" which sought to raise the issue of Dave's right to make the counts. The board then held that Chester failed to establish either actual reduction to practice or conception coupled with diligence to constructive reduction to practice during the critical period.
 
 
 3
 It is well settled that the board need not consider ancillary matters not raised during the time set for motions under Sec. 1.231. Magdo v. Kooi, 699 F.2d 1325, 1329-31, 216 USPQ 1033, 1037-38 (Fed.Cir.1983). We see no error in the board's conclusion that Chester's attempt to raise these matters was untimely. Nor has Chester shown that the board abused its discretion by rejecting Chester's assertions of "manifest injustice" under 37 C.F.R. Sec. 1.258, and thus we affirm that part of the board's opinion as well. See Department of Energy v. Daugherty, 687 F.2d 438, 446, 215 USPQ 4, 11 (CCPA 1982).
 
 
 4
 Chester's assertion that Martin v. Mayer, 823 F.2d 500, 3 USPQ 2d 1333 (Fed.Cir.1987) somehow affects this case is misplaced. In Martin, the junior party correctly raised the issue of right to make the count in a timely fashion. The effect of Martin on burdens of proof is, therefore, of no assistance to Chester.
 
 
 5
 The board found that there was insufficient evidence demonstrating that recovery actually occurred. The board also rejected Chester's arguments that its actions were reasonable during the critical period. Chester has pointed to nothing in the record which leads us to conclude these findings are clearly erroneous. Denen v. Buss, 801 F.2d 385, 386, 231 USPQ 159, 160 (Fed.Cir.1986). Chester had the burden of proof, and the board found that it failed to sustain its burden. We therefore agree with the board's conclusion on priority.
 
 
 6
 Chester's evidentiary argument concerning the board's reliance on the testimony of Dr. Young to sustain its actions is without merit.