56 CCPA

**SCHENLEY INDUSTRIES, INC.,**
**Appellant,**

v.

**E. MARTINONI COMPANY, Appellee.**

**JOSEPH S. FINCH AND COMPANY,**
**Appellant,**

v.

**E. MARTINONI COMPANY, Appellee.**

**Patent Appeal Nos. 8015, 8024.**

United States Court of Customs
and Patent Appeals.
April 10, 1969.

Milton B. Seasonwein, New York City, for appellant.

Harris, Kiech, Russell & Kern, Warren L. Kern, Los Angeles, Cal., Russell Law, Washington, D. C., for appellee.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND, and BALD-WIN, Judges.

WORLEY, Chief Judge.

These two appeals from decisions of the Commissioner of Patents and Trademark Trial and Appeal Board, argued before us in the same hearing, are treated together in this opinion since the same issue is involved in both.

In Patent Appeal No. 8015, appellant Schenley Industries, Inc. opposed registration of the trademark "GOLDEN KENTUCKY," relying on its registration of the trademark "GOLDEN AGE." Schenley's Notice of Opposition, though signed by its treasurer, contained no assertion under oath (or equivalent declaration) that the contents of the Notice had been read and were true. Appellee, prior to answer, moved to dismiss on the ground of lack of compliance by appellant with section 13 [1] of the Trademark Act of 1946 (15 U.S.C. § 1063) and Rules 2.103 [2] or 2.20 [3] of the Trademark Rules of Practice.

---

[1]. Section 13 of the Trademark Act of 1946 (15 U.S.C. § 1063) states in pertinent part:

&ast; &ast; &ast; An unverified opposition may be filed by a duly authorized attorney, but such opposition shall be null and void unless verified by the opposer within a reasonable time after such filing to be fixed by the Commissioner. &ast; &ast; &ast;

[2]. Rule 2.103 Trademark Rules of Practice: OPPOSITION FILED BY ATTORNEY OR AGENT. An opposition which is unverified or not accompanied by a declaration in accordance with § 2.20 may be filed by a duly authorized attorney or agent. Such opposition and the required fee must be filed in the Patent Office within thirty days after publication (§ 2.81) of the mark sought to be registered but the opposition will be null and void unless confirmed by the opposer either by verification or declaration in proper form filed in the Patent Office within thirty days after such filing, or within such further time as may be fixed by the Commissioner upon request made before the expiration of the thirty days.

[3]. Rule 2.20, Trademark Rules of Practice: DECLARATIONS IN LIEU OF OATHS. The applicant or member of the firm or an officer of the corporation or association making application for registration or filing a document in the Patent Office relating to a mark may, in lieu of the oath, affidavit, verification, or sworn statement required from him, in those instances prescribed in the individual rules, file a declara-

In Patent Appeal No. 8024, appellant Joseph S. Finch and Co. opposed registration of the trademark "GOLDEN KENTUCKY" on its registration of the trademark "GOLDEN WEDDING." Finch's Notice of Opposition was defective in the same manner as the one filed in PA 8015. Appellee filed a Motion to Dismiss predicated on the same grounds as in PA 8015.

Appellants answered the Motions to Dismiss in the respective proceedings and requested permission to file a substitute verification. In each case a member of the Trademark Trial and Appeal Board found the purported verification or declaration in the respective Notices of Opposition, as originally filed, to be "wholly inadequate under the law," [4] and the question whether a substitute verification would be accepted was referred to the Commissioner of Patents. In each case the Commissioner refused to accept the substitute verification. Thereafter, in each proceeding, the board granted appellee's Motion to Dismiss. It is those decisions of the Commissioner and board which frame the issues before us.

The position of appellee here is that section 13 of the Trademark Act is explicit that in order to prevent a void opposition proceeding, the Notice of Opposition must be "verified by the opposer within a reasonable time after such filing to be fixed by the Commissioner," and that such reasonable time is set by the portion of Trademark Rule 2.103 which states that "the opposition will be null and void unless confirmed by the opposer either by verification or declaration in

proper form filed in the Patent Office within thirty days after such filing, or within such further time as may be fixed by the Commissioner upon request made before the expiration of the thirty days." Appellee argues that appellants have allowed the proceedings to become null and void by failing either to file a proper verification or declaration within the thirty day period, or to request an extension within that period.

Appellants do not think § 13 and Rule 2.103 are applicable to the present situation. They draw our attention to certain powers of the Commissioner to accept defectively executed papers pursuant to 35 U.S.C. § 26:

> *Effect of Defective Execution.* Any document to be filed in the Patent Office and which is required by any law, rule, or other regulation to be executed in a specified manner may be provisionally accepted by the Commissioner despite a defective execution, provided a properly executed document is submitted within such time as may be prescribed.

That section, appellants assert, was intended as a remedial statute and the Commissioner's action amounted to "reliance upon procedural rigidity and adherence to strict formalism" which ignored the administrative flexibility available under it. Appellants further argue that section 26 in fact takes precedence over any relevant trademark rules in the present situation, stating:

> Fairness, and indeed precedural due process, require notice lest the rules

---

tion that all statements made of his own knowledge are true and that all statements made on information and belief are believed to be true, if, and only if, the declarant is, on the same paper, warned that willful false statements and the like are punishable by fine or imprisonment, or both (18 U.S.C. 1001), and may jeopardize the validity of the application or document or any registration resulting therefrom.

4. Those defects are conceded by appellants. The following statement appears in the response each appellant filed to the respective Motions to Dismiss:

The Motion to Dismiss is founded upon the premise that the Notice of Opposition is neither verified nor executed with a "declaration" in lieu of the verification. It is conceded that the Notice of Opposition has these technical defects, but it is urged that they do not require dismissal of the Notice of Opposition.

See also Electric Storage Battery Co. v. Mine Safety Appliances Co., 140 USPQ 671 (TTAB, 1963) ; 4 Star Record Company, Inc. v. Four Star Television, 141 USPQ 141 (TTAB, 1964).

be made a procedural trap. It follows therefore that in the absence of the adoption of any specific regulation under Section 26, that the Trademark Rules of Practice (particularly Rules 2.103 and 2.148) cannot be deemed to cover procedures under the new law in the absence of a statement on the part of the Commissioner that such was the case.

Thus appellants urge that the Commissioner erred in failing to utilize the power granted him by Section 26 to allow the filing of the substitute verifications.

In reviewing the positions taken by the parties, we observe that the language of Section 26 relied on by appellant is discretionary, not mandatory, i. e. "Any document * * * *may* be provisionally accepted by the Commissioner." (Emphasis supplied.) This court has consistently held that decisions involving matters of Patent Office practice within the discretion of the Commissioner will not be overturned unless there is a clear showing of error or abuse of discretion. Societe Anonyme Marne Et Champagne v. Myers, 250 F.2d 374, 45 CCPA 755 (1957). While we appreciate, and indeed sympathize with, appellants' position, we are unable to hold, on this record, that the Commissioner abused the discretion allowed him under section 26 in declining to accept the substitute verifications offered by appellants. Hence no grounds exist for disturbing the action of the Commissioner or those of the board based thereon.

The decisions are affirmed.

Affirmed.

SMITH, J., participated in the hearing of this case but died before a decision was reached.

1. Reported at 150 USPQ 820 (1966).