Christopher J. STEVENS, Appellant,

v.

Shigeru TAMAI, Appellee.

Nos. 03–1479, 103,662.

United States Court of Appeals, Federal Circuit.

May 4, 2004.

Rehearing and Rehearing En Banc Denied June 10, 2004.

Carl E. Moore, Jr., Marshall, Gerstein & Borun LLP, of Chicago, Illinois, argued for appellant. With him on the brief were Sandip H. Patel, Michael R. Weiner, and James P. Zeller.

Edward F. Kenehan, Jr., Armstrong, Westerman & Hattori, LLP, of Washington, DC, argued for appellee. With him on the brief was William F. Westerman.

Before MICHEL, CLEVENGER, and SCHALL, Circuit Judges.

CLEVENGER, Circuit Judge.

Christopher J. Stevens appeals a final decision of the United States Patent Office Board of Patent Appeals and Interferences ("Board") granting priority in an interference proceeding to Shigeru Tamai. Because the Board erred in granting Shigeru Tamai the benefit of Japanese Patent Application No. 3–068371, we reverse.

I

Christopher J. Stevens ("Stevens") and Shigeru Tamai ("Tamai") are parties to Interference No. 103,662, declared May 9, 1997. Stevens's involved U.S. Patent No. 5,393,368 ("the '368 patent") was filed February 7, 1994, and issued February 28,

1995. Tamai's involved Application No. 08/196,839 ("the '839 application") was filed February 15, 1994. The '839 application is a continuation-in-part of U.S. Patent Application No. 08/030,183 ("the '183 application"), which was filed March 29, 1993. The notice declaring the interference accorded the '839 application the benefit of the filing date of the '183 application. On the basis of the March 29, 1993 filing date, Tamai was accorded senior party status.

Both parties filed preliminary motions under 37 C.F.R. § 1.633(f), which provides that a party may file a preliminary motion "to be accorded the benefit of the filing date of an earlier filed application. See § 1.637(a) and (f)." 37 C.F.R. § 1.633(f) (2003). Rule 637 states in relevant part:

(a) A party filing a motion has the burden of proof to show that it is entitled to the relief sought in the motion. Each motion shall include a statement of the precise relief requested, a statement of the material facts in support of the motion, in numbered paragraphs, and a full statement of the reasons why the relief requested should be granted....

\* \* \*

(f) A preliminary motion for benefit under § 1.633(f) shall:

(1) Identify the earlier application.

(2) ... When the earlier application is an application filed in a foreign country, certify that a copy of the application has been served on all opponents. *If the earlier filed application is not in English, the requirements of § 1.647 must also be met.*

(3) Show that the earlier application constitutes a constructive reduction to practice of each count.

37 C.F.R. § 1.637 (2003) (emphasis added). Rule 647 describes what a party must do when relying on or producing a document that is written in a language other than English. It states:

When a party relies on a document or is required to produce a document in a language other than English, a translation of the document into English and an affidavit attesting to the accuracy of the translation shall be filed with the document.

37 C.F.R. § 1.647 (2003).

Stevens's motion was based on several European applications showing a constructive reduction to practice as early as February 10, 1993. Tamai did not oppose the motion, which was granted by the Board.

Tamai's motion was based on Japanese Patent Application No. 3–68371 ("the Japanese '371 application") and PCT Application No. PCT/JP92/00947 ("the PCT '947 application"). Both applications are in Japanese. Tamai filed a translation of the Japanese '371 application with the motion. Stevens opposed the motion, arguing, inter alia, that Tamai had not met its burden of proof because the motion "failed to comply with 37 C.F.R. § 1.637" because "[n]o copies of [the Japanese '371 application] and the PCT '947 application were served with the motion pursuant to 37 C.F.R. § 1.637(f)(2) [and][n]o translation of the PCT '947 application was served with the motion pursuant to 37 C.F.R. § 1.637(f)(2)." In reply, Tamai stated that copies of the Japanese language applications, the Japanese '371 application and the PCT '947 application, while not served with the motion, were in the record. Tamai also submitted an affidavit attesting that the disclosures of the two foreign language applications were substantially the same. Importantly, with neither the original motion nor the reply did Tamai include an English language translation of the PCT '947 application and an affidavit attesting to the accuracy of the translation.

The Board denied Tamai's motion for benefit as directed to the PCT '947 application because "Tamai did not supply a

translation of the PCT application." Nonetheless, the Board examined the Japanese '371 application and determined that the Japanese '371 application "is a constructive reduction to practice of the count." Accordingly, the Board entered judgment against Stevens.

Despite prevailing in the interference, Tamai requested reconsideration of that part of the Board's decision denying Tamai's motion for benefit as directed to the PCT '947 application. Tamai's request argued that the translation of the PCT '947 application was in the record because the '183 application was in the record and "the U.S. Patent and Trademark Office identified and accepted the '183 application as a translation of Tamai's foreign language PCT application." According to Tamai, the requirements of Rule 647 that "a translation of the document into English and an affidavit attesting to the accuracy of the translation" be provided, were made inconsequential in light of 37 C.F.R. § 1.639(a).[1] Tamai's final comment in support of its argument, on the last page of the request for reconsideration, states: "[I]f this request is denied, it is respectfully requested that the Board explain how Tamai is entitled to the benefit of the [Japanese '371 application] without the linking PCT application in the chain of priority." Tamai's Req. for Recons. at 7. Stevens opposed Tamai's motion, arguing, inter alia:

> Stevens agrees with Tamai's apparent position that the Board erred in granting Tamai priority benefit of [the Japanese '371 application] in view of Tamai's failure to satisfy the requirements for obtaining priority benefit of Tamai's PCT application. Because Tamai is not entitled to the priority benefit of the PCT application, the Board also should have denied Tamai's motion for the priority benefit of [the Japanese '371 application].

Stevens's Opp'n to Tamai's Req. for Recons. at 9 (citing 35 U.S.C. § 119(a)).

The Board agreed to reconsider its final decision, but refused to modify it because, "Tamai was required to file a translation of the PCT application along with the motion. This Tamai did not do." Addressing Tamai's argument that the '183 application was the translation of the PCT '947 application, the Board noted that "Tamai did not state that the '183 application is a translation of the PCT application, attaching same, when the motion for benefit was filed." Also, the Board concluded that Rule 637(f) requires that certain documents have to be filed with a motion for benefit and those requirements were not "obviated" by Rule 639(a). Further, the Board concluded that Tamai's failure to follow the rules prejudiced Stevens, who was entitled to expect that Tamai would follow them. Finally, addressing Tamai's linking argument, the Board concluded that any inconsistency in the treatment of the Japanese '371 application and the PCT '947 application "arises because of Tamai's inconsistent actions in regard to these two applications." However, by not modifying its judgment, the Board affirmed its judgment in favor of Tamai. Stevens appeals the decision on reconsideration, which is a final decision of the Board. This court has jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

---

1. Rule 639(a) states, in part:
   [P]roof of any material fact alleged in a motion, opposition, or reply must be filed and served with the motion, opposition, or reply unless the proof relied upon is part of the interference file or the file of any patent or application involved in the interference or any earlier application filed in the United States of which a party has been accorded or seeks to be accorded benefit.
   37 C.F.R. § 1.639(a) (2003).

## II

We review factual determinations of the Board for substantial evidence, *In re Gartside,* 203 F.3d 1305, 1311–15 (Fed.Cir. 2000), while we review statutory interpretation de novo, *Studiengesellschaft Kohle M.B.H. v. Shell Oil Co.,* 112 F.3d 1561, 1564 (Fed.Cir.1997) (construing 35 U.S.C. § 120). We review "the Board's application of its permissive interference rules for an abuse of discretion." *Brown v. Barbacid,* 276 F.3d 1327, 1332 (Fed.Cir.2002); *see also Abrutyn v. Giovanniello,* 15 F.3d 1048, 1050 (Fed.Cir.1994); *Gerritsen v. Shirai,* 979 F.2d 1524, 1527–28 (Fed.Cir. 1992). An abuse of discretion occurs where the decision (1) is clearly unreasonable, arbitrary, or fanciful; (2) is based on an erroneous conclusion of law; (3) rests on clearly erroneous fact findings; or (4) involves a record that contains no evidence on which the Board could rationally base its decision. *Eli Lilly & Co. v. Bd. of Regents of the Univ. of Wash.,* 334 F.3d 1264, 1266–67 (Fed.Cir.2003) (citing *Gerritsen,* 979 F.2d at 1529).

## III

On appeal, Stevens argues that the Board erred in granting Tamai's motion for benefit of the Japanese '371 application. According to Stevens, the statutory limits of 35 U.S.C. § 119(a) preclude Tamai directly claiming the benefit of the Japanese '371 application because that application was filed more than one year before the '183 application. In particular, Stevens asserts that in order to obtain the benefit of the Japanese '371 application, Tamai must obtain the benefit of the intervening PCT '947 application. In Stevens's view, because Tamai failed to prove its claim for priority benefit of the PCT '947 application, and cannot therefore obtain the benefit of the Japanese '371 application, Tamai has failed to prove a constructive reduction to practice of the subject matter corresponding to the count prior to the filing date of the '183 application, March 29, 1993. Based on Stevens's preliminary motion, the Board accorded Stevens an effective filing date of February 10, 1993. Because February 10, 1993 is an earlier effective filing date than March 29, 1993, Stevens argues that he should be awarded judgment in the interference.

Tamai does not argue that his involved application can be accorded the benefit of the Japanese '371 application if he is not accorded the benefit of the PCT '947 application. Rather, Tamai supports the Board's decision in his favor by arguing that the Board erred in not according him the benefit of the PCT '947 application. In particular, Tamai argues that a preliminary motion for benefit is not required for him to be entitled to the benefit of the PCT '947 application, or, alternatively, if a motion for benefit was required, his actions in this case were sufficient to establish entitlement to the benefit of the PCT '947 application.

## IV

As a matter of convenience, we first address Stevens's argument. We agree with Stevens: because Tamai failed to prove his entitlement to the benefit of the PCT '947 application, it was error for the Board to accord Tamai the benefit of the Japanese '371 application.

An interference is a proceeding instituted in the United States Patent and Trademark Office, designed to resolve questions of priority and patentability between two or more parties claiming the same patentable invention. *See* 35 U.S.C. § 135 (2000); 37 C.F.R. § 1.601(i) (2003). To establish priority, parties may rely on earlier filed applications because conception and constructive reduction to practice of the subject matter described in an application occur when the application is filed. *See Hyatt v. Boone,* 146 F.3d 1348, 1352 (Fed.Cir.1998); *Yasuko Kawai v. Metles-*

*ics*, 480 F.2d 880, 885–86 (CCPA 1973). If a party is entitled to rely on an earlier filed application and the specification of that application shows a constructive reduction to practice of the count, no further evidence is needed to prove invention as of the filing date of that application. *See Hyatt*, 146 F.3d at 1352.

A party to an interference seeking to be "accorded the benefit of the filing date of an earlier filed application" under 37 C.F.R. 1.633(f) is seeking to establish an effective filing date. *See id.* at 1351–52. "The effective filing date of an application is the filing date of an earlier application, benefit of which is accorded to the application under 35 U.S.C. 119, 120, 121, or 365 ...." 37 C.F.R. § 1.601(g); *see also Hyatt*, 146 F.3d at 1352 ("When a party to an interference seeks the benefit of an earlier-filed United States patent application, the earlier application must meet the requirements of 35 U.S.C. § 120 ...."). Section 119(a) of title 35 precludes relying on a foreign application for priority benefit when that application was filed more than one year before the filing of the corresponding U.S. application. *Schmierer v. Newton*, 55 C.C.P.A. 1362, 397 F.2d 1010, 1014–15 (CCPA 1968). Section 119(a) reads:

> (a) An application for patent for an invention filed in this country by any person who has ... filed an application for a patent for the same invention in a foreign country ... shall have the same effect as the same application would have if filed in this country on the date on which the application for patent ... was first filed in such foreign country, *if the application in this country is filed within twelve months from the earliest date on which such foreign application was filed* ....

35 U.S.C. § 119(a) (2000).

In the matter at hand, the Board held that because Tamai did not file with his motion for benefit an English language translation of the PCT '947 application and an affidavit attesting to the accuracy of the translation, Tamai had not proven that he was entitled to be accorded the filing date of the '947 application. Nonetheless, the Board granted Tamai's involved application the benefit of the Japanese '371 application, which was filed July 31, 1991, more than one year prior to the filing of the '183 application. Because section 119 precludes reliance on a foreign application for priority benefit when that application was filed more than one year before the filing of the corresponding U.S. application, *see Schmierer*, 397 F.2d at 1014–15, the Board's conclusion was based on an erroneous conclusion of law, and accordingly, constituted an abuse of discretion.

V

At argument, Tamai conceded that he had no theories or evidence remaining before the Board by which to establish an actual or constructive reduction to practice prior to Stevens's February 10, 1993, date. Tamai agrees that if this court does not grant relief on his argument that a motion for benefit was unnecessary, or alternatively that his motion for benefit was sufficient, then this court should remand for judgment in favor of Stevens. In Tamai's view, a preliminary motion for benefit is unnecessary because 35 U.S.C. § 363 operates to make the filing date of the Japanese language PCT '947 application the same as that of the '183 application, which according to Tamai is the U.S. national stage application of the PCT '947 application. Further, Tamai asserts that even if the Board could require a preliminary motion for benefit, the acts required to enter the national stage for examination purposes were sufficient acts to satisfy the Board's procedural requirements in this interference. Finally, Tamai argues that 37 C.F.R. § 639(a) combined with the

presence in the interference file of both the PCT '947 application and the '183 application obviates the requirement of interference rule 37 C.F.R. § 647 that Tamai serve a translation of the PCT '947 application and an affidavit attesting to the accuracy of the translation with the motion for benefit. Because the Board did not err in requiring a preliminary motion for benefit, because Tamai's compliance with the filing procedures for entering the national stage did not satisfy the procedural requirements for a preliminary motion for benefit, because Rule 639(a) does not obviate Rule 647, and because Tamai did not attach to his motion a translation of the PCT '947 application and an affidavit attesting to the accuracy of the translation, we hold that the Board was correct in denying Tamai's claim of benefit of the PCT '947 application. Accordingly, we reverse the Board's decision on reconsideration and remand with instructions to enter judgment in favor of Stevens.

A

■ Distilled, Tamai's argument that a motion for benefit was unnecessary in this interference rests on the premise that a motion for benefit cannot be required for non-English applications where the applicant has satisfied U.S. filing requirements for prosecution purposes. In this case, Tamai filed the PCT '947 application with the United States Patent and Trademark Office ("Office") for the purpose of entering national stage examination in the United States. Included with the application was the declaration of Tamai that stated "on information and belief," he was, inter alia, entitled to priority benefit of the Japanese '371 application. The PCT '947 application was accepted by the Office as having satisfied the requirements of 35 U.S.C. § 371 and became the '183 application. Tamai asserts, and we assume without deciding that Tamai correctly followed the procedures for filing the PCT '947 application in the United States. Thus, Tamai argues that when the Office accepts a translation of a foreign language international application into the national stage, the Board, in any interference in which the applicant later becomes embroiled cannot require that the applicant seeking the benefit of the foreign language international application prove that the application contains the same disclosure as the national stage application. We disagree.

In its most favorable light, Tamai is stating that there is a conflict between Subpart E—Interferences, 37 C.F.R. §§ 1.601-1.690, which "governs the procedure in patent interferences in the Patent and Trademark Office," 37 C.F.R. § 1.601, and sections 363 and 371(c)(2) of title 35, as they provide authority for national stage applications.

The conflict Tamai suggests simply does not exist. Sections 363 and 371(c)(2) are not inconsistent with the Office's procedural requirements which insist that a party to an interference seeking the benefit of an earlier filed application prove the same by filing a motion for benefit, and, where applicable, serving a translation of a relied upon non-English language application with an affidavit attesting to the accuracy of the translation. The former sections deal with accepting an international application into national stage examination in the United States while the latter regulations deal with proving whether the application contains a constructive reduction to practice of subject matter corresponding to a count in an interference. In short, in the context of this case, sections 363 and 371(c)(2), and 37 C.F.R. §§ 1.601–1.690, have little to do with one another.

Section 363 of title 35 establishes that: "An international application designating the United States shall have the effect, from its international filing date under article 11 of the treaty, of a national application for patent regularly filed in the Patent

and Trademark Office.... Subject to 35 U.S.C. 119(a)-(d), section 365(a) of title 35 grants national applications the benefit of corresponding international applications which designated at least one country other than the United States. Section 371(c)(2) requires that an applicant filing a national stage application submit a copy of the international application, unless not required under subsection (a) of this section or already communicated by the International Bureau, and a translation into the English language of the international application, if it was filed in another language." 35 U.S.C. § 371(c)(2) (2000). And, while overlooked by Tamai, 35 U.S.C. § 372(b)(3) permits the Director to "require a verification of the translation of the international application or any other document pertaining to the application if the application or other document was filed in a language other than English." Thus, contrary to what Tamai suggests, the Office is not required to accept an applicant's transmittal letter requesting entry into the national stage as conclusive proof that a foreign language application contains a particular disclosure.

▮ Further, as we have previously held, the broadest of the Office's rulemaking powers is the power to "establish regulations, not inconsistent with law, which—(A) shall govern the conduct of proceedings in the Office." 35 U.S.C. § 2(b)(2)(A) (2000) (formerly at 35 U.S.C. § 6(a) (1988), see Merck & Co. v. Kessler, 80 F.3d 1543, 1549 (Fed.Cir.1996); Gerritsen, 979 F.2d at 1527). By this grant of power we understand Congress to have "delegated plenary authority over PTO practice, including interference proceedings," to the Office. Gerritsen, 979 F.2d at 1527 n. 3. The interference rules most pertinent to this case are 37 C.F.R. §§ 1.633(f), 1.637(a) (establishing that the movant has the burden of proof), 1.637(f) (requiring compliance with 1.647 where the earlier filed application is not in En-

glish), and 1.647 (requiring, when the earlier filed application is not in English, the filing of "a translation of the document into English and an affidavit attesting to the accuracy of the translation"). We observe that all of these rules appear to reflect a permissible exercise of the Office's authority and also note that Tamai presents no arguments to the contrary.

The interference regulations are designed to serve the policy of providing "the just, speedy, and inexpensive determination of every interference." 37 C.F.R. § 1.601. It seems appropriate to us that the Office can allocate the burdens associated with this goal in a reasonable manner not inconsistent with the existing statutory scheme. See Merck & Co., 80 F.3d at 1549; Gerritsen, 979 F.2d at 1527. In the case of interferences, the Office has provided for a motion procedure that permits a party an opportunity to prove his right to priority benefit of an earlier disclosure. See 37 C.F.R. §§ 1.633(f), 1.637(a), (f). This includes an opportunity to prove priority to foreign language applications. Because a party seeking to be accorded the benefit of a foreign language disclosure is often in the best position to know the content of the disclosure, and because that party hopes to benefit from the content of that disclosure, it seems very reasonable that a party seeking to rely on such a disclosure have the burden of proving its content. In contrast to Tamai's thinking, the Board can require that the cost of a translator capable of attesting in an affidavit that the disclosure of a Japanese language document, i.e., the PCT '947 application, is the same as the disclosure of a national stage application that purports to be substantially the same, i.e., the '183 application, shall be borne by the party asserting that the latter is an accurate translation of the former.

In view of the reasonableness of the Office's rules governing the procedure in

patent interferences, and the substantial deference we accord such rules, *see Merck & Co.*, 80 F.3d at 1549, we cannot agree with Tamai that section 363 overwhelms the Office's interference rules and requires the Board to accord Tamai the benefit of the PCT '947 application merely because he completed the requirements for entering the national stage of examination in the United States.

## B

■ Next, Tamai asserts that the acts necessary to comply with the procedures he followed in the course of entering the national stage of examination are a sufficient substitute for the acts required by the Office's interference rules. In light of our conclusion that the interference rules at issue are a reasonable exercise of the Office's procedural rulemaking, we hold that the acts Tamai took with regard to entering the national stage will only suffice to satisfy the requirements of the interference rules if the acts show compliance with the interference rules. Accordingly, this is a question of the Board's application of its interferences rules, an exercise we review for abuse of discretion. *See, e.g., Barbacid*, 276 F.3d at 1332.

The interference rules are quite explicit and we discern no abuse of discretion in the Board's decision that Tamai did not comply with Rules 637(f) and 647. In particular, the Board found that "Tamai did not supply a translation of the PCT application." In its decision on reconsideration, the Board affirmed this fact, stating: "Tamai was required to file a translation of the PCT application along with the motion. This Tamai did not do." This finding of the Board is supported by more than substantial evidence. At argument, Tamai conceded that he did not file with his motion for benefit an English language translation of the PCT '947 application and an affidavit attesting to the accuracy of the translation as required by Rule 647.

In his motion for reconsideration below Tamai argued that the '183 application was the translation of the PCT '947 application. However, the Board explained why that argument fails. In particular, the Board found that in neither Tamai's preliminary motion for benefit nor in reply to Stevens's opposition thereto did Tamai "state that the '183 application is a translation of the PCT application, attaching same, when the motion for benefit was filed." Because on its face Tamai's motion for benefit does not state that the '183 application is the translation of the PCT '947 application and the record contains no affidavit attesting that the '183 application is an accurate translation of the PCT '947 application, this finding is supported by substantial evidence.

Tamai next argues that to comply with section 363, he needed to comply with section 371(c)(2), which requires a translation of the corresponding international application when that application is not in English. According to Tamai, when he presented the Office with a translation of the international application to enter national stage examination that act was sufficient to satisfy Rules 637(f) and 647. As the Board pointed out, however, section 371(c)(2) does not require an affidavit attesting to the accuracy of the translation, while Rule 647 does. Moreover, as our prior discussion indicates, compliance with filing requirements is not sufficient to prove constructive reduction to practice in an interference proceeding.

■ On appeal, for the first time, Tamai argues that the notice declaring the interference should have accorded him the benefit of the Japanese '371 application and the PCT '947 application. In light of our prior discussion, we think this a matter of the Board's discretion. The Board might, where an international application is in English, and therefore easily accessible in substance to the Board, accord priority to

such an application in its notice declaring an interference. However, we discern no requirement that the Board do so in every case, and no requirement that the Board do so when the application is in a foreign language, which makes it more difficult for the Board to determine whether the disclosure contains a constructive reduction to practice of the invention. In a case where the applicant should be accorded the benefit of an earlier application, but the Board does not accord benefit in the notice declaring the interference, the Board has, by regulation, provided the procedural protection of a preliminary motion procedure. Under that procedure a party can prove that it should be accorded the benefit of an earlier disclosure. That Tamai understood and had access to this procedural protection is underscored by the fact that Tamai filed a preliminary motion seeking to be accorded the benefit of the Japanese '371 application, the PCT '947 application, and the '183 application.

### C

■■ Tamai also argues that although he never made known to the Board or Stevens that a translation of the PCT '947 application existed in the interference file as the '183 application, Rule 639(a), which requires that "proof of any material fact ... be filed and served with the motion ... unless the proof relied upon is part of the interference file ...," 37 C.F.R. 1.639(a), protects him from having to file a translation and affidavit as required by Rules 637(f) and Rule 647. We disagree.

■■ As a preliminary matter, the Office's interpretation of its own regulations is entitled to substantial deference. *Bd. of Regents of the Univ. of Wash.*, 334 F.3d at 1266. On reconsideration, the Board addressed this argument holding that Rule 639(a) does not obviate Rules 637(f) and 647. Given that Rules 637(f) and 647 are very clear in requiring the filing of a trans-

lation and affidavit with the preliminary motion for benefit, we defer to the Board's interpretation that Rule 639(a) and Rules 637(f) and 647 are separate rules that must be followed by parties to an interference. Moreover, we note that Tamai's argument on this point is undercut by the fact that his motion and reply did not notify the Board or Stevens that the '183 application was the translation of the PCT '947 application. Had Tamai alerted the Board and Stevens to the presence of the translation, and filed an affidavit attesting that the '183 application was an accurate translation of the PCT '947 application, the Board might have been more lenient.

### VI

We have considered Tamai's remaining arguments and we find them either irrelevant or unpersuasive. In conclusion, we find that the Board did not abuse its discretion in refusing to award Tamai the benefit of the PCT '947 application. However, because Tamai was not entitled to the benefit of the PCT '947 application, the Board erred in awarding Tamai the benefit of the Japanese '371 application. Without the benefit of the PCT '947 application and the Japanese '371 application, Tamai's effective filing date, showing a constructive reduction to practice, is March 29, 1993. Because the Board granted Stevens's motion for benefit, according him an effective filing date of February 10, 1993, Stevens has proved a constructive reduction to practice earlier in time than Tamai. Accordingly, we remand to the Board with instructions to enter judgment for Stevens.

### COSTS

No costs.

*REVERSED AND REMANDED.*