NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1332

BRUCE E. ZOELLER,

Appellant,

v.

Les Brownlee, ACTING SECRETARY OF THE ARMY,

Appellee.

_____

DECIDED:  October 25, 2004

_____

Before MICHEL, CLEVENGER, and BRYSON, Circuit Judges.

PER CURIAM.

## DECISION

Bruce E. Zoeller appeals from the decision of the Armed Services Board of Contract Appeals, ASBCA No. 54205, affirming a partial termination of his lease with the Army.  Because we agree with the Board of Contract Appeals that the Army properly terminated Mr. Zoeller's lease in this case, we affirm the Board's decision.

## BACKGROUND

Beginning in 1999, Mr. Zoeller leased three parcels of land from the Army at Fort Leavenworth, Kansas, for farming purposes.  The three parcels were referred to as

parcels AA, FW, and FE. The lease was to expire on December 31, 2003. By its terms, however, the lease was "revocable at will by the Secretary [of the Army]." The contract also provided that, in the event the lease was revoked or the leased premises were otherwise reduced, and the premises were being used for farming purposes, "the Lessee shall have the right to harvest, gather and remove such crops as may have been planted or grown on said premises, or if funds are available, compensation will be made to the Lessee for the value of the remaining crops."

In a letter dated February 21, 2003, Gary Dye, the Chief of the Military Branch, Real Estate Division, Kansas City District, U.S. Army Corps of Engineers, informed Mr. Zoeller that the Army was terminating the lease with respect to parcels FE and FW. By letter dated May 21, 2003, Mr. Zoeller appealed the termination with respect to those two parcels to the Armed Services Board of Contract Appeals.

The Board construed Mr. Zoeller's appeal to raise two issues, both relating to the termination of the lease. First, the Board understood Mr. Zoeller to be contending that the lease was not properly terminated because Gary Dye, the person who wrote the letter terminating the lease, lacked authority to effect the termination. After tracing the delegation of authority to terminate lease agreements, the Board concluded that Gary Dye did indeed have authority to terminate the lease. Second, the Board understood Mr. Zoeller to argue that the lease could not be terminated as to only two of the three parcels. The Board rejected that argument because the contract specifically provided for adjustments to be made if the leased premises were reduced. The Board found that Mr. Zoeller had not raised a question as to his entitlement to compensation for any loss of crops and therefore that no such claim was before the Board.

Following a motion for reconsideration, the Board affirmed its initial decision. In its opinion on reconsideration, the Board addressed Mr. Zoeller's arguments that (1) an internal Army regulation required that the revocation of leases must be approved at the same level of command necessary for the original determination that the property was available for lease to private parties, and (2) that the revocation decision was not made at the proper level of command. The Board held that the regulation in question, paragraph 4-4 of Army Regulation 405-80, required the same level of command for a decision to declare particular property available for private lease as for a decision to revoke or terminate the declaration of availability. The Board explained, however, that the regulation did not mean that the decision to revoke a particular lease required that same level of authority, because the revocation of a lease was different from the revocation of the determination that particular land should be available for private leasing. The Board further held that the regulation was an internal operating procedure of the government designed for the benefit of the government and was not for the benefit of the government's contracting party. For that reason, the Board held that Mr. Zoeller would not have been entitled to relief even if the contracting officer had failed to comply with the requirements of the regulation.

DISCUSSION

On appeal, Mr. Zoeller contends that the Board of Contract Appeals erred in determining that the lease agreement was properly terminated, both because Mr. Dye lacked authority to effect the termination and because the lease could not lawfully be terminated with respect to fewer than all three parcels. He also argues that under the contract and the Uniform Relocation Assistance and Real Property Acquisition Policies

04-1332                                    3

Act of 1970, 84 Stat. 1894, 42 U.S.C. § 4601 et seq., he should have been given at least 90 days notice prior to the termination of his lease. Finally, Mr. Zoeller contends that the contracting officer erred in determining that there were no crops on the premises, and that for that reason he was not entitled to any compensation for the termination of the lease.

1. Mr. Zoeller concedes that the Army was authorized to revoke the agreement at will. He contends, however, that there was no such revocation because Mr. Dye, the person who notified Mr. Zoeller that his lease was being terminated on parcels FE and FW, lacked authority to revoke the lease.

In support of his position, Mr. Zoeller argues that the decision to remove land from the program under which Army property was leased to private parties had to be made at the same level of command as the decision to make the property available for such uses in the first instance. He cites paragraph 4-4(f) of Army Regulation 405-80 for that proposition. That regulation states that "[w]hen real property under outgrant is needed for Army purposes, the revocation/termination of availability will be approved at the same level of command that was needed for the original DOA."

We agree with the Board that the level of authority needed to determine whether land is available for lease to private parties ("outgrant"), or whether the determination of availability should be revoked, is not the same as the level of authority needed to terminate a specific lease. Thus, although Mr. Dye may have lacked authority to make and revoke availability determinations with regard to the land, he was authorized to terminate Mr. Zoeller's lease. Deciding whether to revoke a particular lease is a more specific action than deciding whether particular land should be made available for

private use or deciding whether the determination of availability should be revoked. Moreover, the Board correctly ruled that Army Regulation 405-80 is designed for internal regulatory purposes and is not intended to protect the Army's contracting partners. For that reason, the Board was correct to hold that Mr. Zoeller cannot obtain any relief even if the Army violated the requirements of that regulation with respect to the level of authority for availability determinations. See American Farm Lines v. Black Ball Freight Serv., 397 U.S. 532, 538-39 (1970); Freightliner Corp. v. Caldera, 225 F.3d 1361, 1365 (Fed. Cir. 2000) ("In order for a private contractor to bring suit against the Government for violation of a regulation, that regulation must exist for the benefit of the private contractor."). Mr. Zoeller's rights were defined by the terms of the lease, which provided that the lease could be revoked at will. Furthermore, as the Board held, the specific authority to revoke the lease was delegated to Mr. Dye. Mr. Zoeller therefore cannot complain that the revocation was unauthorized and invoke the lack of authority to overturn the revocation.

2. With respect to Mr. Zoeller's argument that the Army could not properly terminate the lease as to only two of the three parcels, we agree with the Board that paragraph 11 of the lease clearly contemplated a partial revocation when it referred to cases in which the Army "materially reduces the lease area" prior to the expiration date of the lease. Paragraph 11 specifically explains what would happen in the event that the Army revoked the lease or otherwise materially reduced the leased area, which indicates that the Army was authorized to take action having either effect.

3. Mr. Zoeller asserts that the government breached the contract and the Uniform Relocation Act by failing to provide him with sufficient notice to enable him to

04-1332                                    5

remove his crops from the premises. The government responds by arguing that Mr. Zoeller did not raise that issue before the Board of Contract Appeals and therefore those arguments are not properly before us. After reviewing the materials that Mr. Zoeller submitted to the Board of Contract Appeals, we agree with the government that Mr. Zoeller failed to raise that argument before the Board and therefore has waived his argument that the government failed to provide him with sufficient notice prior to the termination of his lease.

4. Finally, Mr. Zoeller contends that the Army breached the contract by destroying the bare root stock that remained on the land without providing him with compensation. Specifically, he alleges that the plants growing on parcels FE and FW were perennials and that the "root stock" of those plants had significant value. Because the contract provided that he would be compensated for the loss of crops remaining on the premises if funds were available, he contends that the Army erred when it determined that there were no crops on the premises.

In response, the government argues that Mr. Zoeller failed to raise this issue before the Board and has therefore waived it for purpose of this appeal. The Board held that the issue of compensation for plants on the leased property was not before it. That finding is supported by the record, which contains a memorandum of a telephone conference call between the parties and a Board staff attorney on June 6, 2003. In the memorandum, the staff attorney noted that the only issue before the Board was the propriety of the partial termination of the lease. The memorandum further noted that "the contractor's submitting a monetary claim to the contracting officer, in an amount certain for his losses, was discussed. Once final decision is issued, appellant may

choose to file an additional appeal to the Board in the event the claim is denied." In light of the staff attorney's memorandum, we sustain the Board's finding that the issue of compensation for the loss of the root stock on parcels FE and FW was not before the Board in this appeal and therefore is not properly before this court, even though Mr. Zoeller referred to the issue of compensation in some of the materials he submitted to the Board.