NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**BRUCE E. ZOELLER,**
*Appellant,*

v.

**JOHN MCHUGH, SECRETARY OF THE ARMY,**
*Appellee.*

---

2011-1167, -1168

---

Appeals from the Armed Services Board of Contract Appeals in no. 56578, Administrative Judge Jack Delman.

---

Decided: December 8, 2011

---

BRUCE E. ZOELLER, Hiawatha, Kansas, pro se.

CAMERON COHICK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRYANT G. SNEE, Deputy Director. Of counsel was WILLIAM M. EDWARDS, Deputy District Counsel, United States Department of the Army, Corps of Engineers, Kansas City, Missouri.

Before RADER, *Chief Judge*, NEWMAN and DYK, *Circuit Judges*.

PER CURIAM.

Appellant Bruce E. Zoeller appeals the decision of the Armed Services Board of Contract Appeals ("Board") denying Zoeller's motion for sanctions for the Army's alleged violation of an order compelling production of documents. *Zoeller*, ASBCA No. 56578, 10-2 BCA ¶ 34,549 ("*Sanctions Decision*"). We *dismiss*.

## BACKGROUND

On June 22, 1999, the U.S. Army Corps of Engineers ("the Army") leased to Zoeller three parcels of land near Fort Leavenworth, Kansas—designated as parcels AA, FE, and FW—to be used for specific agricultural purposes. The lease was for a period of five hay-crop years, ending on December 31, 2003, and could be renewed for an additional term of five years upon consent of both parties. The lease permitted the Army to terminate it "at any time," provided that certain notice requirements were met. In the event of complete or partial termination by the Army, however, the lease provided Zoeller the right "to harvest, gather and remove such crops as may have been planted or grown on said premises," or, if unable to do so, to collect compensation for the value of the remaining crops. On January 9, 2003, the Army issued to Barsto Construction, Inc. ("Barsto") a limited notice to proceed with site demolition in parcel FW in connection with the construction of a family housing project. Subsequently, on February 21, 2003, the Army officially notified Zoeller that it was removing parcels FE and FW from the lease in their entirety and that it did not intend to exercise its option to renew with respect to parcel AA.

Zoeller, concluding that the Army had acted improperly, commenced a series of litigations challenging the Army's actions. First, in 2003, Zoeller filed a claim for compensation before the Board challenging the government's right to partially cancel the lease. The Board held that the Army's decision to partially revoke was authorized and lawful. This court affirmed. *Zoeller v. Brownlee*, 113 F. App'x 390 (Fed. Cir. 2004). In our opinion we noted that Zoeller's claim for compensation for loss of crops was not before the Board. *Id.* at 393–94.

Next, Zoeller filed suit in the United States Court of Federal Claims alleging that the Army's revocation of the lease and the destruction of his plants was a material breach of contract and breach of warranty for which he was entitled to damages; that the Army failed to comply with the Uniform Relocation Assistance and Real Property Acquisition Policies Act ("URARPAPA"), 42 U.S.C. § 4651; and that the Army's actions resulted in a compensable "taking" under the Fifth Amendment. *Zoeller v. United States*, 65 Fed. Cl. 449, 452 (2005). The court dismissed the action, concluding first that Zoeller was precluded from relitigating the propriety of the partial lease termination because it had already been litigated before the Board and the Board's decision was affirmed by this court. *Id.* at 457. As to the damages claim, the court held that it was without jurisdiction because Zoeller failed to first submit a claim to the contracting officer ("CO"). *Id.* at 458. The court also dismissed the URARPAPA claim because the Act applied only to federal acquisition of an individual's land, and here Zoeller was not a land owner but a tenant. *Id.* at 459. Finally, it dismissed the Fifth Amendment claim because there was no "taking" of private property, but only the partial termination of a lease agreement, which prescribed the contract rights of the parties upon the event of termination. *Id.* at 461–62.

Despite these adverse judgments the dispute continued. In 2006, Zoeller submitted a claim to the CO in the amount of $313,245.60—consisting of $163,245.60 for seed crop damages in parcel FW for the final year of the lease and the five-year option period and $150,000 for loss of "root" crops that could have been dug up and used for landscaping after the end of the option period. The claim also asserted that the Army's issuance of a notice to proceed to Barsto was an "unlawful take-over" of parcel FW, that at the time the contract was executed the Army had withheld "superior knowledge" regarding planned use of the FW parcel for family housing, that the Army had acted in bad faith by not notifying him at the time of contract regarding the new family housing to be constructed, and that the Army had failed to comply with URARPAPA. The CO granted the claim for seed crop damage for the final year of the initial lease term in the amount of $21,224.40 but denied the other claims.

On appeal, the Board, largely on grounds of res judicata, granted partial summary judgment in favor of the Army on the legality of the Army's removal of parcel FW from the lease, Zoeller's lack of entitlement to seed crop damages for the unexercised five-year option period, and Zoeller's lack of entitlement to root crop damages after the lease expiration, and dismissed the URARPAPA claims. *Zoeller*, ASBCA No. 56578,10-1 BCA ¶ 34,330. Zoeller filed a motion for reconsideration, and the Board affirmed. *Zoeller*, ASBCA No. 56578, 10-2 BCA ¶ 34,556. As described below, the partial summary judgment decision left open two of Zoeller's claims.

During the proceedings before the Board, Zoeller sought sanctions against the Army for failure to comply with a discovery order. Zoeller had served the Army with a request for production of nine categories of documents, which the government objected to on grounds of rele-

vance. The Board ordered production of the documents. The Army then responded to the discovery request but produced only one category of documents, stating that it could not locate responsive documents in the other categories. Zoeller filed a motion for default judgment and sanctions in the full amount of the claim for the Army's failure to fully comply with the discovery order. After requiring the Army to "more clearly and specifically address the efforts it ha[d] undertaken to comply with the Board's [discovery order]," the Board denied the motion for sanctions, reasoning that Zoeller had failed to show that the Army acted willfully to delay discovery, that the lack of documents caused any material prejudice, undue burden, or expense to Zoeller, or that the Army's actions were part of a pattern of noncompliance. *Sanctions Decision*, 10-2 BCA ¶ 34,549.

Zoeller appealed the *Sanctions Decision*, asserting this court's jurisdiction under 28 U.S.C. § 1295(a)(10).

## DISCUSSION

A discovery sanctions order is not appealable before final judgment where, as here, the sanctions order may be challenged on appeal from the final judgment. *M.A. Mortenson Co. v. United States*, 877 F.2d 50, 51 (Fed. Cir. 1989). Here, there has been no final judgment. Zoeller raised at least six issues in its certified claim to the CO. Although these same six issues were appealed and presented before the Board, the Board's decisions addressed only four of those issues. Two of the CO's determinations—the denial of Zoeller's "superior knowledge / bad faith" claim and the quantum of damages to which Zoeller is entitled for the loss of his seed crop on parcel FW during the last year of the original lease term—remain before the Board to decide. Thus, there has been no final determination by the Board. *See England v. Contel*

*Advanced Sys.*, 384 F.3d 1372, 1378 (Fed. Cir. 2004) (holding that a Board's determination is final where it is commensurate in scope with the contracting officer's decision).  We therefore conclude that we lack jurisdiction over the *Sanctions Decision* at this time.

COSTS

No costs.