NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRUCE E. ZOELLER,**
*Appellant*

**v.**

**JOHN M. MCHUGH, SECRETARY OF THE ARMY,**
*Appellee*

---

2015-1516

---

Appeal from the Armed Services Board of Contract Appeals in No. 56578, Administrative Judge Jack Delman.

---

Decided:  September 17, 2015

---

BRUCE E. ZOELLER, Hiawatha, KS, pro se.

JEFFREY LOWRY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for appellee.  Also represented by STEVEN J. GILLINGHAM, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER.

---

Before PROST, *Chief Judge,* DYK, and STOLL, *Circuit Judges.*

PER CURIAM.

Mr. Zoeller appeals from a final judgment of the Armed Services Board of Contract Appeals ("Board"), contending that the Board erred in denying motions for sanctions and default judgment in light of the government's alleged non-compliance with a discovery order. He also moves under Federal Rule of Appellate Procedure ("FRAP") 15 for an order to compel the Board to enforce the discovery order, and to direct the Board to enter sanctions and default judgment against the government. We affirm the Board's denial of Mr. Zoeller's motion for default judgment and sanctions and deny Mr. Zoeller's motion under FRAP 15.

BACKGROUND

In June 1999, the government leased land on the Fort Leavenworth Military Installation to Mr. Zoeller for agricultural purposes. The term of the lease was from May 20, 1999 to December 31, 2003, and was "revocable at will by the Secretary [of the Army]." S.A. 22. In February 2003, the government informed Mr. Zoeller that it would remove two parcels of land from the lease, and that the lease would not be renewed. Mr. Zoeller unsuccessfully argued that the revocation was improper. *See, e.g.*, *Zoeller v. Brownlee*, 113 F. App'x. 390, 392-93 (Fed. Cir. 2004) (affirming Board finding that the lease could be revoked in part and that the Chief of the Military Branch had authority to partially revoke the lease); *Zoeller v. United States*, 65 Fed. Cl. 449, 455-62 (Fed. Cl. 2005) (granting the government's motion to dismiss Mr. Zoeller's breach of contract and breach of warranty claims, and holding that the revocation was not a taking).

In February 2008, Mr. Zoeller submitted a claim seeking $313,245.60 for seed crop damages for six years (the

final year of the lease plus the unexercised option period of five years) and for the loss of plants or roots that could be dug up for six years. The government filed a partial summary judgment motion on Mr. Zoeller's claims relating to superior knowledge, bad faith, and the quantum of damages. The Board granted the government's motion regarding the superior knowledge and bad faith claims, but not quantum of damages. On June 12, 2014, the Board considered Mr. Zoeller's quantum-of-damages claim and awarded him compensation in the amount of $26,496.60, with adjustments for interest and prior payments.

During the pendency of the summary judgment proceedings, Mr. Zoeller issued a request for the production of documents. On March 17, 2009, the Board ordered the government to produce documents relevant to nine categories. The government filed a statement of compliance, stating that it only found responsive documents in one category. Mr. Zoeller complained that the government's compliance was insufficient and requested default judgment and sanctions. In response, the Board ordered the government to "more clearly and specifically address the efforts it ha[d] undertaken to comply with the Board's 17 March 2009 order." S.A. 128. Mr. Zoeller reiterated his request for default judgment and sanctions against the government. A month later, the Board requested that the government submit an affidavit attesting to the sufficiency of its search for the ordered documents. In response, the government filed declarations, attesting that it had commissioned a new search and had sent additional documents to Mr. Zoeller. But Mr. Zoller continued to complain that he had not received several categories of the documents he sought in the 2009 discovery order. He again moved for sanctions and default judgment against the government. The government responded that it "had searched for the subject documents but could not find them, and that appellant's allegations that documents

were concealed and/or spoilated were unsupported and false." S.A. 128.

The Board denied Mr. Zoeller's motion for sanctions and default judgment, holding that although the government had not initially fully complied with its order to produce the documents, it did not act willfully or in bad faith. The Board also found that Mr. Zoeller had not shown he was materially prejudiced or unduly burdened by the government's discovery delay.

Mr. Zoeller later sought the production of a new set of documents. Again, the government was unable to produce some of the requested documents because they did not exist. In response to Mr. Zoeller's motion to compel and require to government to create the non-existing documents, the Board held on September 21, 2012 that it does "not have the authority to order a party to create or construct documents under the Board's discovery rules." S.A. 139. Mr. Zoeller requested reconsideration on July 15, 2014 of the Board's September 21, 2012 discovery order and June 12, 2014 compensation decision. The Board denied that motion for reconsideration.

Mr. Zoeller now appeals the Board's final judgment, challenging the Board's denial of his motion for sanctions and default judgment for the government's alleged non-compliance with the 2009 discovery order. Mr. Zoeller also moves under FRAP 15 for an order to compel the Board to enforce its March 17, 2009 discovery order and to order sanctions and default judgment against the government. Because Mr. Zoeller's motion under FRAP 15 presents the same issues as his appeal, we review both together below.

## DISCUSSION

We find no abuse of discretion in the Board's enforcement of its 2009 discovery order and denial of Mr. Zoeller's motions for sanctions and default judgment.

The Board may grant default judgment under Board Rule 31 and sanctions under Board Rule 35 if a party fails to comply with an order of the Board. ASBCA, RULES OF THE ARMED SERVICES BOARD OF CONTRACT APPEALS (2011). Both rules permit the Board to exercise its discretion in granting default judgment and sanctions. *See id.*

Our review of Board decisions is governed by statute. 41 U.S.C. § 7107(b)(2). "Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the [B]oard and its officials." *Johnson Mgmt. Grp. CFC, Inc. v. Martinez*, 308 F.3d 1245, 1252 (Fed. Cir. 2002) (quoting *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988)). We affirm the Board's rulings on discovery and sanctions unless we find the Board abused its discretion. *See SMS Data Products Grp., Inc. v. United States*, 900 F.2d 1553, 1556 (Fed. Cir. 1990); *c.f. Gerritsen v. Shirai,* 979 F.2d 1524, 1527-29 (Fed. Cir. 1992) (establishing review of PTAB sanctions decisions for an abuse of discretion).

The Board did not abuse its discretion when it found that, while the government had no reasonable explanation for its year-long production delay, Mr. Zoeller failed to show that the delay caused him material prejudice or undue burden. Nor did the Board err in its finding that Mr. Zoeller failed to prove that the government's delay was part of a larger pattern of noncompliance. The Board was well within its discretion in accepting the government's declarations that some of the requested documents did not exist. The Board thus did not err in holding that Mr. Zoeller had not proven that the government acted willfully or in bad faith, or that it had concealed or wrongfully destroyed documents. Accordingly, we hold that the Board did not abuse its discretion when it denied Mr. Zoeller's request for sanctions and default judgment and affirmed that denial on reconsideration.

It is not clear whether Mr. Zoeller also challenges the Board's denial of his 2014 motion for reconsideration. To the extent that he does, we affirm the Board's decision. The Board did not abuse its discretion when it denied Mr. Zoeller's motion for reconsideration of its 2012 discovery decision as untimely. As the Board explained, Mr. Zoeller's motion improperly sought "further review of a Board discovery order that was issued over two years ago." S.A. 172. Mr. Zoeller had only 30 days to move for reconsideration of the 2012 order under Board Rule 29. Thus, the Board's denial of Mr. Zoeller's motion was well within its "sound discretion." *See Johnson Mgmt. Grp. CFC, Inc.*, 308 F.3d at 1252.

## CONCLUSION

We affirm the Board's denial of Mr. Zoeller's motions for sanctions and default judgment and his 2014 motion for reconsideration, and we deny Mr. Zoeller's motion under FRAP 15.

## **AFFIRMED**

No costs.