# United States Court of Appeals for the Federal Circuit

---

**ROBERT LOUGHLIN AND JOHN LOUGHLIN,**
*Appellants,*

**v.**

**RENNY TSE-HAW LING AND CHUN-SHENG WU,**
*Appellees.*

---

2011-1432

---

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

---

Decided: July 11, 2012

---

GLEN M. DIEHL, Diehl Servilla LLC, of Iselin, New Jersey, argued for appellant.

TODD R. WALTERS, Buchanan Ingersoll & Rooney P.C., of Alexandria, Virginia, argued for appellee. With him on the brief was ERIN M. DUNSTON. Of counsel on the brief was TODD P. BLAKELY, Sheridan Ross PC, of Denver, Colorado.

---

Before RADER, *Chief Judge*, and LOURIE and MOORE, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Robert Loughlin and John Loughlin (together, "Loughlin") appeal from the judgment of the Board of Patent Appeals and Interferences (the "Board") canceling claim 1 of U.S. Patent 7,434,426 (the "'426 patent") pursuant to their request for adverse judgment in light of the Board's decision on the relationship between 35 U.S.C. § 135(b)(2) and 35 U.S.C. § 120. Because we agree with the Board that the interfering claims of Renny Tse-Haw Ling and Chun-Sheng Wu (together, "Ling") are not barred by 35 U.S.C. § 135(b)(2), and hence that the Board correctly canceled claim 1, we *affirm.*

BACKGROUND

This appeal arises from an interference proceeding under 35 U.S.C. § 135(a) between Loughlin's '426 patent and Ling's Application No. 11/671,404 (the "'404 application"), both of which claim a "multiple function lock."

On May 13, 2004, Loughlin filed Application No. 10/845,624 (the "'624 application"). The '624 application was published on November 18, 2004, as Publication No. 2004/0226324. On October 14, 2008, the '624 application issued as the '426 patent.

On February 5, 2007, Ling filed the '404 application, which was granted priority benefit under § 120 from Application No. 10/759,413 (the "'413 application"), filed January 16, 2004. On February 21, 2007, Ling, seeking to provoke an interference, copied claims from Loughlin's pending '624 application. Relevant to the issue on appeal, Ling added to the '404 application new claim 31, which was identical to claim 42 of Loughlin's '624 application. Loughlin's claim 42 later issued as claim 1 of Loughlin's '426 patent.

In September 2010, the United States Patent and Trademark Office ("PTO") declared an interference between claim 1 of Loughlin's '426 patent and claim 31 of Ling's '404 application. Shortly thereafter, Loughlin moved for judgment under § 135(b)(2), which provides that:

> A claim which is the same as, or for the same or substantially the same subject matter as, a claim of an application published under section 122(b) of this title may be made in *an application filed* after the application is published only if the claim is made before 1 year after the date on which the application is published.

35 U.S.C. § 135(b)(2) (emphasis added).[*] Loughlin asserted that Ling was barred by § 135(b)(2) from provoking an interference because Ling's attempt to copy the claim from Loughlin's published application was untimely, *i.e.*, Ling's '404 application is "an application filed" after the publication date of Loughlin's '624 application and Ling copied Loughlin's claim more than one year after its publication date.

The Board denied Loughlin's motion. *Loughlin v. Ling*, Interference No. 105,766, slip op. at 7 (B.P.A.I. Feb. 17, 2011) ("*Decision on Motion*"). The Board concluded that the bar imposed by § 135(b)(2) does not apply to an application filed before a published application. *Id.* at 4. Noting that Loughlin's motion raised the issue whether Ling's '404 application is "an application filed" after the

---

[*] On September 16, 2011, the President signed into law the Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 3(i), 125 Stat. 284, 289–90 (2011) (to be codified at 35 U.S.C. § 135), which at a future date will replace "Interferences" with "Derivation proceedings" in § 135. That newly enacted law does not apply to this case.

date on which Loughlin's '624 application was published, the Board observed that it "has consistently determined that § 120 is applicable when considering whether 'an application filed' is after the date on which another application is published." *Id.* The Board thus held that, "since Ling was granted § 120 priority benefit of its '413 Application[], then Ling's involved '404 application, having an effective filing date of 16 January 2004, is not an application filed after Loughlin's Application published on 18 November 2004." *Id.*

On March 8, 2011, Loughlin requested adverse judgment under 37 C.F.R. § 41.127(b) ("Board Rule 127(b)"), in essence conceding that his entire case hinged on the Board's interpretation of § 135(b)(2). A day later, the Board entered judgment against Loughlin, canceling claim 1 of the '426 patent and observing that "[Loughlin's counsel] represented that Loughlin intends to appeal the decision denying [the motion for judgment under § 135(b)(2)]." *Loughlin v. Ling*, Interference No. 105,766, 2011 WL 841189 (B.P.A.I. Mar. 9, 2011) ("*Judgment*"). Loughlin appealed.

## DISCUSSION

In an appeal from the Board, we review factual findings for substantial evidence and legal conclusions, including statutory interpretation, *de novo*. *Stevens v. Tamai*, 366 F.3d 1325, 1330 (Fed. Cir. 2004). When interpreting a statute, "we give effect to the intent of Congress by 'look[ing] not only to the particular statutory language, but to the design of the statute as a whole and to its object and policy.'" *In re Swanson*, 540 F.3d 1368, 1375 (Fed. Cir. 2008) (alteration in original) (quoting *Crandon v. United States*, 494 U.S. 152, 158 (1990)). We review the Board's application of its interference rules for an abuse of discretion. *Stevens*, 366 F.3d at 1330.

Loughlin argues on appeal that the Board incorrectly determined that § 120 applies when considering the date of "an application filed" under § 135(b)(2). According to Loughlin, because the actual (not effective) filing date of Ling's '404 application was more than one year after the publication of Loughlin's '624 application, Ling was barred by § 135(b)(2) from copying Loughlin's claims. Because Ling waited more than one year after the publication of Loughlin's '624 application to copy the claims, Loughlin argues, the Board should have dissolved the interference.

In response, Ling argues that the Board correctly construed "an application filed" in § 135(b)(2) as including an application filed earlier and benefiting from the provisions of § 120. Ling points out that the ordinary understanding of "an application filed" refers to the application's effective filing date under § 120, as the Board has held in three prior interference decisions. Thus, Ling argues, the Board correctly held that Ling was not time-barred under § 135(b)(2) from copying claims from Loughlin's '624 application to provoke an interference.

In the alternative, Ling contends that we should dismiss the appeal for lack of jurisdiction. According to Ling, Loughlin conceded priority by requesting entry of adverse judgment, so there was no final adverse decision from which Loughlin could appeal. Ling further contends that Loughlin failed to exhaust his administrative remedies by prematurely requesting adverse judgment. Finally, Ling asks us to dismiss Loughlin's appeal as an impermissible interlocutory appeal.

We first address Ling's jurisdictional arguments. "It is axiomatic that the initial inquiry in any appeal is whether the court to which appeal is taken has jurisdic-

tion to hear the appeal." *Woodard v. Sage Prods., Inc.*, 818 F.2d 841, 844 (Fed. Cir. 1987) (en banc). Under 28 U.S.C. § 1295(a)(4)(A), we have exclusive jurisdiction over an appeal from "a decision" of the Board. We have held that § 1295(a)(4) should be read to incorporate a finality requirement. *See Copelands' Enters., Inc. v. CNV, Inc.*, 887 F.2d 1065, 1067–68 (Fed. Cir. 1989) (en banc). This requirement of finality, which is based on prudential considerations, *id.* at 1067, serves the important purposes of "emphasiz[ing] the deference that appellate courts owe to the trial judge," avoiding "piecemeal appeals," and "promoting efficient judicial administration," *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981).

Appeals from interference actions are governed by 35 U.S.C. § 141, which provides in relevant part that "[a] party to an interference dissatisfied with the decision of the Board of Patent Appeals and Interferences on the interference may appeal the decision to the United States Court of Appeals for the Federal Circuit . . . ." Moreover, Board Rule 127(b) expressly permits a party to request adverse judgment in an interference:

> (b) Request for adverse judgment. A party may at any time in the proceeding request judgment against itself. Actions construed to be a request for adverse judgment include:
>
> . . . .
>
> (3) Concession of priority or unpatentability of the contested subject matter[.]

We conclude that the Board's decision on priority is a final, adverse judgment over which we have jurisdiction. Loughlin appropriately availed himself of Board Rule 127(b) in requesting adverse judgment. Furthermore, Loughlin represented to the Board that he intended to

appeal the decision denying his motion under § 135(b)(2), and the Board noted that representation in granting the request for adverse judgment. *Judgment*, 2011 WL 841189, at *1. Judicial economy is promoted, not frustrated, by permitting Loughlin to request adverse judgment and seek review under § 141 of the dispositive legal issue in this appeal. Moreover, there is no question that Loughlin is "dissatisfied with the [Board's] decision" to deny his motion under § 135(b)(2). *See* 35 U.S.C. § 141. In view of the expansive statutory language governing appeals from interference actions and the Board's rule permitting such requests for adverse judgment, we conclude that we possess jurisdiction over Loughlin's appeal.

Ling's jurisdictional arguments rely primarily on two district court cases, *Human Genome Sciences, Inc. v. Amgen, Inc.*, 552 F. Supp. 2d 466 (D. Del. 2008) ("*HGS I*"), and *Human Genome Sciences, Inc. v. Genentech, Inc.*, 589 F. Supp. 2d 512 (D. Del. 2008) ("*HGS II*"). Those cases, however, do not compel the result sought by Ling. *HGS I* and *HGS II* were civil actions filed under § 146 following a request for adverse judgment on a poorly developed record, and the district court was concerned that the court's consideration of new evidence in the civil action would amount to "an effective usurpation of the Board's original jurisdiction to determine priority." *HGS I*, 552 F. Supp. 2d at 474; *see also HGS II*, 589 F. Supp. 2d at 520. Here, in contrast, we have a direct appeal from the Board to our court under § 141, and benefit under § 120 is not disputed. *Decision on Motion*, slip op. at 4 n.4 ("Loughlin does not dispute that Ling's involved '404 Application is entitled to the benefit of the earlier effective filing date of Ling's '413 Application."). Thus, as the district court itself observed, the concerns motivating its decisions in *HGS I* and *HGS II* are not directly relevant to appeals under § 141. *See HGS I*, 552 F. Supp. 2d at 474 n.10 ("Such

concerns may be minimized when the appeal is to the Federal Circuit on the PTO record pursuant to 35 U.S.C. §§ 141–144."); *see also HGS II*, 589 F. Supp. 2d at 522 n.21. We therefore reject Ling's jurisdictional arguments.

We now turn to the merits of Loughlin's appeal. We agree with Ling that the Board correctly interpreted § 135(b)(2) in view of the plain language of that statute and the benefit provision of § 120. The first sentence of § 120 permits an application to claim the benefit of an earlier filing date, such that the application is treated as having been effectively filed on the earlier date. The statute provides in relevant part:

> An application for patent for an invention disclosed in the manner provided by section 112(a) . . . in an application previously filed in the United States . . . *shall have the same effect*, as to such invention, *as though filed on the date of the prior application* . . . .

35 U.S.C. § 120 (emphases added). Provided the criteria in § 120 are met, applications "shall," without exception, receive the benefit of the earlier filing date. The statute does not limit its effect to only certain provisions under the patent laws. As our predecessor court explained, "[n]othing in § 120 limits its application to any specific grounds for rejection . . . ." *In re Hogan*, 559 F.2d 595, 604 (CCPA 1977).

The broad applicability of § 120 is illustrated in the context of 35 U.S.C. § 102. Subsections (b), (d), and (e) of § 102 refer to the filing of an "application" but do not explicitly reference § 120. Yet, as Loughlin concedes, § 120 applies to those subsections, permitting applicants to antedate prior art by claiming the benefit of an earlier filing date. Appellant's Br. 15; *see also, e.g., PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1305 (Fed. Cir.

2008) (recognizing that a proper claim for benefit under § 120 may avoid prior art under § 102(b)); *Bayer AG v. Schein Pharm., Inc.*, 301 F.3d 1306, 1323 (Fed. Cir. 2002) (holding that an application may claim benefit under § 120 to defeat an invalidity defense under § 102(d)); *In re Chu*, 66 F.3d 292, 297 (Fed. Cir. 1995) (recognizing that a proper claim for benefit under § 120 may avoid prior art under § 102(e)).

Loughlin offers no convincing reason why the priority benefit under § 120 should not apply to "an application filed" under § 135(b)(2). At most, Loughlin asserts that the Board erred by construing § 135(b)(2) and § 120 *in pari materia*. As the Supreme Court has explained, however, "[a] party seeking a right under the patent statutes may avail himself of all their provisions, and the courts may not deny him the benefit of a single one." *United States v. Am. Bell Tel. Co.*, 167 U.S. 224, 247 (1897). In this case, as Ling's '404 application was entitled under § 120 to the benefit of the '413 application for the subject matter of claim 31, it was "an application" for purposes of § 135(b)(2) as well. Ling was therefore entitled to avail himself of § 120 in overcoming the bar set forth in § 135(b)(2).

Loughlin argues that § 135(b)(2) is a "staleness" provision requiring a party who wishes to provoke an interference to do so in a timely manner, so that Ling, who waited more than two years after Loughlin's application was published to file his application, should not benefit from § 120. We recognize the force of Loughlin's point about timeliness, but it cannot prevail in light of § 120's granting of priority benefit to any application meeting its requirements, which includes Ling's application.

Bolstering our conclusion is the fact that the Board has consistently interpreted "an application filed" in

§ 135(b)(2) as including the benefit provision of § 120. *See Sepracor, Inc. v. Wyeth LLC*, Interference No. 105,685 (B.P.A.I. Feb. 1, 2010) (J.A. 277–318); *Ryan v. Young*, Interference Nos. 105,504 & 105,505, 2008 WL 577435 (B.P.A.I. Mar. 4, 2008) (J.A. 346–404); *Ding v. Singer*, Interference No. 105,436 (B.P.A.I. Aug. 24, 2007) (J.A. 405–25). In *Sepracor*, the Board found the phrase "an application filed" in §135(b)(2) "clear on its face" as including the benefit provision of § 120. J.A. 298. In *Ryan*, the Board concluded that it would be absurd to hold that an applicant could rely on § 120 to antedate a bar under § 102 but not the bar under §135(b)(2). And in *Ding*, the Board observed that § 120 applies without exception to patent applications meeting its criteria, and that § 135(b)(2) does not itself exclude the application of § 120. In each case, the Board concluded that § 120 may apply in the context of § 135(b)(2). We see no reason to disagree with those well-reasoned opinions.

Accordingly, the Board correctly interpreted "an application filed" in § 135(b)(2) as including the possibility of claiming benefit under § 120 to an earlier effective filing date. It is not disputed that Ling's '404 application is entitled to benefit under § 120. *Decision on Motion*, slip op. at 4 n.4. As the Board correctly held, Ling was not barred by § 135(b)(2) from copying claims from Loughlin's published '624 application. Because that is the sole issue raised in Loughlin's appeal, we affirm the Board's judgment in favor of Ling.

## CONCLUSION

We have considered Loughlin's remaining arguments and find them unpersuasive. The Board's judgment is affirmed.

**AFFIRMED**