# United States Court of Appeals for the Federal Circuit

---

**In re: LAKSHMI ARUNACHALAM,**
*Appellant*

---

2016-1560

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 90/010,346.

---

**ORDER**

---

Before TARANTO, CHEN, and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Dr. Lakshmi Arunachalam owns U.S. Patent No. 5,778,178, which has been undergoing reexamination since November 2008. In September 2014, the Patent Trial and Appeal Board affirmed the rejection of claims 9–16, but designated a new ground of rejection for claim 16. Dr. Arunachalam elected to reopen prosecution of the claims, after which the examiner issued a final rejection in June 2015. Rather than appeal the examiner's final rejection to the Board, Dr. Arunachalam filed the instant appeal. Because we lack jurisdiction to consider non-final appeals from the Patent Office, we dismiss for lack of jurisdiction.

Under 28 U.S.C. § 1295(a)(4)(A), we have exclusive jurisdiction over an appeal from a "decision" of the Board.

"We have held that § 1295(a)(4) should be read to incorporate a finality requirement." *Loughlin v. Ling*, 684 F.3d 1289, 1292 (Fed. Cir. 2012) (citing *Copelands' Enters., Inc. v. CNV, Inc.*, 887 F.2d 1065, 1067–68 (Fed. Cir. 1989) (en banc)). Our adoption of a finality rule "finds strong support both in the tradition of the federal courts system and in sound public policy." *Copelands' Enters.*, 887 F.3d at 1067 (citations omitted). "As indicated by the Supreme Court, requiring a party to await a final decision and to raise all claims of error in a single appeal 'emphasizes the deference that appellate courts owe to the trial judge,' 'avoid[s] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals,' and 'promot[es] efficient judicial administration.'" *Id.* (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S 368, 374 (1981)). Thus, we lack jurisdiction to hear a non-final appeal from the Patent Office.

Here, there can be no doubt that the Patent Office's actions are non-final for the purposes of judicial review and that Dr. Arunachalam's appeal is premature. A patent owner dissatisfied with an examiner's rejection of a claim in reexamination may proceed with a two-step appeals process. First, pursuant to 35 U.S.C. § 134(b) (2002), "[a] patent owner in any reexamination proceeding may appeal from the final rejection of any claim by the primary examiner to [the Board] . . . ." Second, if the patent owner is dissatisfied with the Board's final decision, the patent owner may appeal the decision to this court. 35 U.S.C. § 141 (2002) ("A patent owner . . . who is in any reexamination proceeding dissatisfied with the final decision in an appeal to the Board . . . under section 134 may appeal the decision only to the United States Court of Appeals for the Federal Circuit.").

A new ground of rejection, however, is not a final decision for the purposes of judicial review. *See* 37 C.F.R. § 41.50. After a new ground of rejection, the patent owner

can either (1) reopen prosecution and, if the rejection cannot be traversed, again appeal to the Board or (2) pursue rehearing at the Board, after which an appeal to this court may be filed. *See id.* Here, Dr. Arunachalam elected to reopen prosecution and the examiner issued a final rejection. Pursuant to § 134(b), Dr. Arunachalam may appeal the examiner's decision to the Board. And only after the Board issues a final decision can we exercise jurisdiction to review the Board's decision.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed for lack of jurisdiction.

(2) All pending motions are denied as moot.

FOR THE COURT

 May 27, 2016                          /s/ Peter R. Marksteiner
    Date                               Peter R. Marksteiner
                                       Clerk of Court