NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEE M. KAPLAN, ALICE P. LIOU, PETER J. TURNBAUGH, JASON L. HARRIS,**
*Appellants*

**v.**

**PATRICE CANI, ARMANDINE EVERARD, CLARA BELZER, WILLEM DE VOS,**
*Appellees*

**KATHERINE K. VIDAL, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,**
*Intervenor*

---

2021-2367

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 106,130.

---

**ON MOTION**

---

Before PROST, REYNA, and CUNNINGHAM, *Circuit Judges.*

CUNNINGHAM, *Circuit Judge.*

**O R D E R**

Patrice Cani et al. (collectively, "Cani") move to dismiss this appeal for lack of jurisdiction. The United States Patent and Trademark Office ("PTO") responds in support. Lee M. Kaplan et al. (collectively, "Kaplan") oppose.

This appeal stems from an ongoing interference proceeding between Cani and Kaplan before the Patent Trial and Appeal Board. At the preliminary stage of the proceeding, Kaplan sought permission to file a motion for judgment against Cani based on alleged inequitable conduct. Finding that allegations of inequitable conduct "would benefit from evidence presented during a priority phase of the interference," the Board deferred a decision on the motion "to the conclusion of the priority phase of the interference, if any." Int. No. 106,130, Paper 25 at 3.

Kaplan requested rehearing of the decision to defer, which the Board denied. The Board explained that the allegedly misrepresented data here that forms the basis of the proposed inequitable conduct "pertains directly to priority which will be asserted by [Cani] during the priority phase" and that the "alleged defects in the data would be expounded upon by witnesses who are subject to cross examination during the normal course of the interference." Int. No. 106,130, Paper 88 at 2–3. For that reason, the Board maintained "the view that obtaining this information in the regular course of the proceeding will assist [the Board] in determining the future course of action concerning the propriety of raising allegations of inequitable conduct." *Id.* at 4. Kaplan then filed this appeal.

We have exclusive jurisdiction to review decisions of the Board. *See* 28 U.S.C. § 1295(a)(4)(A). But our jurisdiction extends only to the Board's final decisions. *See In re Arunachalam*, 824 F.3d 987, 988 (Fed. Cir. 2016) (reading § 1295(a)(4) "to incorporate a finality requirement" (quoting *Loughlin v. Ling*, 684 F.3d 1289, 1292 (Fed. Cir. 2012))). Rulings concerning preliminary motions are generally appealable only upon a final decision of the Board in

an interference, not on an interlocutory basis. Nonetheless, Kaplan argues that we have interlocutory jurisdiction over this appeal under the collateral order doctrine. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). We disagree with Kaplan.

The collateral order doctrine "considers as 'final [decisions],' even though they do not 'end the litigation on the merits,' decisions 'which finally determine claims of right separate from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate jurisdiction be deferred until the whole case is adjudicated.'" *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (quoting *Cohen*, 337 U.S. at 546). To fall within the limited class of final collateral orders that may immediately be appealed, the order must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits . . . , and [3] be effectively unreviewable on appeal from a final judgment." *Will v. Hallock*, 546 U.S. 345, 349 (2006) (brackets in original) (internal quotation marks and citation omitted).

Kaplan has failed to satisfy at least two of those requirements. First, they have not sufficiently shown that the Board conclusively determined the issue presented, namely, whether the Board must decide Kaplan's motion for judgment based on inequitable conduct before reaching the merits of the interference. The Board deferred consideration of that motion until "the conclusion of the priority phase of the interference." Int. No. 106,130, Paper 25 at 3. But the Board can still change course. Nothing in its order prohibits the Board from granting Kaplan leave to file a motion for judgment on inequitable conduct that the Board resolves before reaching any decision on priority. The Board has still not resolved any priority issue, and the parties do not suggest the Board has otherwise reached the merits of the interference. Thus, the Board's ruling is not "conclusive." *See Gulfstream Aerospace Corp. v. Maycamas*

*Corp.*, 485 U.S. 271, 278 (1988) (noting that an order is "inherently tentative" if the district court "does not necessarily contemplate that the decision will close the matter for all time" (internal quotation marks omitted)).

Second, whether Cani should lose standing as a party to the interference because of committing inequitable conduct, as alleged here, is meaningfully capable of review after the final decision. It is true that forcing Kaplan to wait to validate that claim until after the final decision cannot undo the expense of having to participate in these interference proceedings. But in that respect, this situation is indistinguishable from a denial of a motion for lack of jurisdiction or venue, which are also not immediately appealable. *See Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 499–500 (1989); *see also Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009) ("That a ruling may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment . . . has never sufficed." (internal quotation marks and citation omitted)).

In the alternative, Kaplan requests that we treat the appeal as a petition for a writ of mandamus. But Kaplan has not shown any clear and indisputable error on the part of the Board in deferring their motion. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). The cases cited by Kaplan do not provide clear legal authority to compel the Board to act on their motion at this preliminary stage. In *Berman v. Housey*, 291 F.3d 1345 (Fed. Cir. 2002), the Board dismissed an unpatentability motion as moot after finding there were no claims that could sustain an interference proceeding. *Id.* at 1350. We found no error on the part of the Board in refusing to address that motion. That decision does not directly speak to the issue here.

*Norton v. Curtiss*, 433 F.2d 779 (C.C.P.A. 1970), likewise does not provide clear legal entitlement to the Board's consideration of the inequitable conduct motion during the preliminary stage of the interference proceeding. In that

case, the Court of Customs and Patent Appeals held that the issue of misconduct on the part of a patent applicant is an issue "ancillary to priority" and therefore properly within the jurisdiction of the Board and the court. *Id.* at 783. The Board's ruling deferring action did not say otherwise. And *Norton* did not address when the Board is required to take up the issue of inequitable conduct.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2) Each side shall bear its own costs.

FOR THE COURT

April 18, 2022                              /s/ Peter R. Marksteiner
        Date                                 Peter R. Marksteiner
                                             Clerk of Court


ISSUED AS A MANDATE:  April 18, 2022